**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| AMANDA D. MOSER, individually, and on behalf of all others similarly situated, | |
| Plaintiff, | Case No. 1:20-cv-03304 |
| v. | |
| RECEIVABLES MANAGEMENT PARTNERS, LLC | |
| Defendant. | |

**NOW COMES** AMANDA D. MOSER, individually, and on behalf of all other similarly situated, by and through her undersigned counsel, complaining of Defendant RECEIVABLES MANAGEMENT PARTNERS, LLC, as follows:

## NATURE OF THE ACTION

1.      Plaintiff brings this action seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. and the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. § 227 *et seq*.

2.      "The primary purpose of the TCPA was to protect individuals from the harassment, invasion of privacy, inconvenience, nuisance, and other harms associated with unsolicited, automated calls." *Parchman v. SLM Corp.,* 896 F.3d 728, 738-39 (6th Cir. 2018) *citing* Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2, 105 Stat. 2394 (1991).

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

4.      Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(1).

1

## PARTIES

4.      AMANDA D. MOSER ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Winston Salem, North Carolina.

5.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.      Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

7.      RECEIVABLES MANAGEMENT PARTNERS, LLC ("Defendant") is a limited liability company organized under the laws of Indiana.

8.      Defendant maintains its principal place of business in Greensburg, Indiana.

9.      Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because (1) the principal purpose of Defendant's business is the collection of debt and (2) it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

10.     Defendant is a "person" as defined by 47 U.S.C. § 153(39).

## FACTUAL ALLEGATIONS

11.     At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 4631.

12.     At all times relevant, Plaintiff's number ending in 4631 was assigned to a cellular telephone service as defined by 47 U.S.C. § 227(b)(1)(A)(iii).

13.     At all times relevant, Plaintiff was financially responsible for her cellular telephone equipment and services.

14.     In the fall of 2020, Plaintiff started to receive phone calls from Defendant to her cellular phone.

15.     Shortly after Defendant's calls began, Plaintiff answered a call to determine the reason for Defendant's calls.

16.     During the first answered call with Defendant, Defendant advised Plaintiff that it was attempting to collect an alleged medical debt in the approximate amount of $1,000 incurred in Virginia about six years ago ("subject debt").

17.     The subject debt is a debt as defined by 15 U.S.C. § 1692a(5) because it was incurred or allegedly incurred for personal or family purposes.

18.     During this call, Plaintiff advised Defendant that she disputes the validity of the subject debt and requested that Defendant cease its collection calls.

19.     Despite Plaintiff's dispute of the subject debt and request that the collection calls cease, Defendant continued placing collection calls to Plaintiff's cellular phone.

20.     On at least two more occasions, Plaintiff answered Defendant's phone calls and again requested that Defendant cease its collection calls.

21.     Plaintiff's requests that the collection calls cease fell on deaf ears and Defendant's collection calls persisted.

22.     During one answered call, Defendant's representative utterly ignored Plaintiff's request that the calls cease and instead demanded immediate payment on the subject debt.

23.     In November 2020, in response to the incessant collection calls, Plaintiff advised Defendant that she was feeling harassed and intended to retain counsel to compel Defendant to cease its collection calls.

24.     Despite Plaintiff's blunt warning, Defendant brazenly continued placing harassing collection calls to Plaintiff's cellular phone.

25.     The majority of Defendant's harassing collection calls utilized an artificial voice or prerecorded message.

26.    Specifically, upon answering some of Defendant's collection calls, Plaintiff was greeted by a prerecorded or artificial voice stating "please hold for a representative" prior to being connected to a live representative.

27.    In total, Defendant placed no less than 25 harassing collection calls to Plaintiff's cellular phone after Plaintiff requested that the collection calls cease, including calls from the phone number (254) 772-6111.

28.    At no point in time did Plaintiff provide Defendant with her cellular phone number or otherwise provide Defendant with consent to place calls to her cellular phone.

**DAMAGES**

29.    Defendant's abusive collection practices have disrupted Plaintiff's daily life and general well-being.

30.    Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the phone calls, decreased daily productivity, aggravation that accompanies unwanted telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and functionality of her cellular phone, the loss of battery charge, and the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her cellular phone.

31.     Moreover, each time Defendant placed a phone call to Plaintiff, Defendant occupied Plaintiff's cellular phone such that Plaintiff was unable to receive other phone calls or otherwise utilize her cellular phone while her phone was ringing.

32.    Concerned with the escalation of Defendant's abusive debt collection practices, Plaintiff retained counsel to file this action to compel Defendant to cease its abusive conduct.

## CLASS ALLEGATIONS

33.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

34.     Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) individually, and on behalf of all others similarly situated ("Putative Class") defined as follows:

### TCPA Class

All persons throughout the United States (1) to whom Defendant placed, or caused to be placed, a call; (2) directed to a number assigned to a cellular telephone service; (3) using an artificial or prerecorded voice; (4) without his/her consent; (5) within the four years preceding the date of this complaint through the date of class certification.

35.     The following individuals are excluded from the Putative Class: (1) any Judge or Magistrate Judge presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Putative Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released.

**A.     Numerosity**

36.     Upon information and belief, the members of the Putative Class are so numerous that joinder of them is impracticable.

37.     The exact number of the members of the Putative Class is unknown to Plaintiff at this time, and can only be determined through targeted discovery.

38.     The members of the Putative Class are ascertainable because the Class is defined by reference to objective criteria.

39.     The members of the Putative Class are identifiable in that their names, addresses, and telephone numbers can be identified in business records maintained by Defendant.

**B.      Commonality and Predominance**

40.     There are many questions of law and fact common to the claims of Plaintiff and the Putative Class.

41.     Those questions predominate over any questions that may affect individual members of the Putative Class.

**C.      Typicality**

42.     Plaintiff's claims are typical of members of the Putative Class because Plaintiff and members of the Putative Class are entitled to damages as a result of Defendant's conduct.

**D.      Superiority and Manageability**

43.     This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

44.     The damages suffered by the individual members of the Putative Class will likely be relatively small, especially given the burden and expense required for individual prosecution.

45.     By contrast, a class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

46.     Economies of effort, expense, and time will be fostered and uniformity of decisions ensured.

**E.     Adequate Representation**

47.     Plaintiff will adequately and fairly represent and protect the interests of the Putative Class.

48.     Plaintiff has no interests antagonistic to those of the Putative Class and Defendant has no defenses unique to Plaintiff.

49.     Plaintiff has retained competent and experienced counsel in consumer class action litigation.

<u>**CLAIMS FOR RELIEF**</u>

**COUNT I:**
**Telephone Consumer Protection Act (47 U.S.C. §227 *et seq.*)**
**(On behalf of Plaintiff and the Members of the Putative TCPA Class)**

50.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

51.     Defendant placed or caused to be placed no less than twenty-five (25) non-emergency calls to Plaintiff's cellular telephone utilizing an artificial or prerecorded voice without Plaintiff's consent in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

52.     As pled above, Defendant used an artificial or prerecorded voice which automatically played upon Plaintiff answering the call.

53.     As pled above, at no point in time did Plaintiff provide Defendant with her cellular phone number or otherwise provide Defendant with consent to place calls to her cellular phone.

54.     Moreover, even if Defendant had initial consent to place calls to Plaintiff's cellular phone, Plaintiff revoked the consent to be called on her cellular phone on multiple occasions during phone calls that she answered.

55.     As pled above, Plaintiff was significantly harmed by Defendant's collection calls to her cellular phone.

56.     Upon information and belief, Defendant does not maintain adequate policies and procedures to ensure compliance with the TCPA.

57.     Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to maximize efficiency and profits at the expense of Plaintiff and the Putative Class.

**WHEREFORE**, Plaintiff on behalf of herself and the members of the Putative Class requests the following relief:

A.     an order granting certification of the proposed class, including the designation of Plaintiff as the named representative, and the appointment of the undersigned as Class Counsel;

B.     an order finding that Defendant violated 47 U.S.C. § 227 (b)(1)(A)(iii);

C.     an order enjoining Defendant from placing further violating calls to consumers;

D.     an award  of $500.00 in damages to Plaintiff and the members of the Putative Class for each such violation;

E.     an award of treble damages up to $1,500.00 to Plaintiff and the members of the Putative Class for each such violation; and

F.     an award of such other relief as this Court deems just and proper.

## COUNT II

### Fair Debt Collection Practices Act (15 U.S.C. §1692 *et seq.*)

### (On behalf of Plaintiff only)

#### a.  Violations of FDCPA §1692c

58.     Pursuant to § 1692c(a)(1) of the FDCPA, a debt collector is prohibited from contacting a consumer "at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer…" 15 U.S.C. §1692c(a)(1)

59.     As set forth above, Plaintiff requested that Defendant cease its collection calls to her cellular phone.

60.     Despite being notified that its collection calls were unwanted, Defendant made the conscious decision to continue its harassing phone calls, which were clearly inconvenient to Plaintiff.

61.     Defendant violated § 1692c(a)(1) by placing at least twenty-five (25) collection calls to Plaintiff's cellular phone number at a time Defendant knew to be inconvenient for Plaintiff.

62.     In other words, since Plaintiff did not want any calls from Defendant, any call placed after the cease request was known by Defendant to be an inconvenient time for Plaintiff.

#### b.  Violations of FDCPA §1692d

63.      Pursuant to § 1692d of the FDCPA, a debt collector is prohibited from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. §1692d

64.      § 1692d(5) further prohibits "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." 15 U.S.C. §1692d(5)

65.     Defendant violated §§ 1692d and d(5) by placing no less than twenty-five (25) collection calls to Plaintiff's cellular phone number in an attempt to collect the subject debt after being requested to cease the unwanted calls.

66.     Defendant's conduct in systematically placing unwanted calls to Plaintiff's cellular phone number is inherently harassing and abusive.

67.     Defendant's collection calls to Plaintiff were made with the specific intent of annoying, harassing, and abusing Plaintiff as Plaintiff informed Defendant she no longer wished to be contacted on her cellular telephone.

68.     The fact that Defendant knowingly placed calls to Plaintiff after Plaintiff made requests that the calls cease is illustrative of Defendant's intent to harass and annoy Plaintiff.

**WHEREFORE,** Plaintiff, AMANDA D. MOSER, requests that this Honorable Court enter judgment in her favor as follows:

a.      Declaring that the practices complained of herein are unlawful and violate the Fair Debt Collection Practices Act;

b.      Awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying Fair Debt Collection Practices Act violations;

c.      Awarding Plaintiff her costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and

d.      Awarding any other relief as this Honorable Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs demand a trial by jury.

Dated: December 30, 2020                    Respectfully submitted,

                                            **AMANDA D. MOSER**

                                            By: /s/ *Mohammed O. Badwan*

                                            Mohammed O. Badwan, Esq.
                                            Victor T. Metroff, Esq.
                                            *Counsel for Plaintiff*
                                            Sulaiman Law Group, Ltd
                                            2500 S Highland Ave, Suite 200
                                            Lombard, IL 60148
                                            (630) 575-8180
                                            mbadwan@sulaimanlaw.com
                                            vmetroff@sulaimanlaw.com